IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-03054-PAB-SKC

JOHN MEGGS,

     Plaintiff,

v.

JOALTO GROUP, LTD. A/K/A JOALTA GROUP, LTD.,

     Defendant.

_____

# ORDER
_____

     This matter is before the Court on plaintiff's Motion for Reasonable Attorney's Fees and Costs [Docket No. 13].  Defendant Joalto Group, Ltd. ("Joalto") filed a response opposing the motion.  Docket No. 15.  Plaintiff John Meggs filed a reply.  Docket No. 16.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  BACKGROUND

     On November 23, 2022, Mr. Meggs filed a complaint against Joalto asserting claims under the Americans with Disabilities Act (the "ADA").  Docket No. 1 at 5-11.  Mr. Meggs alleged that he is disabled as defined by the ADA and that he uses a wheelchair.  *Id*. at 3, ¶ 11.  Mr. Meggs alleged that Joalto owns and operates a commercial shopping center located at 3200 Wadsworth Boulevard, Wheat Ridge, Colorado 80033 (the "property").  *Id*. at 2, ¶ 5.  Mr. Meggs claimed that he visited the property on August 27, 2022 and encountered multiple violations of the ADA, including issues with parking spaces, the property's entrance, and the restrooms.  *Id*. at 3, 5-8, ¶¶ 15, 24.  Mr. Meggs requested the following relief in his complaint: 1) a declaratory

judgment that defendant is in violation of the ADA; 2) injunctive relief ordering defendant to "make all readily achievable alterations to the facilities;" and 3) attorney's fees, costs, and litigation expenses under 42 U.S.C. § 12205.  *Id*. at 10-11.

On January 5, 2023, Joalto served an offer of judgment on plaintiff pursuant to Federal Rule of Civil Procedure 68.  Docket No. 8.  The terms of the offer included a declaratory judgment "determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act" and injunctive relief against defendant.  Docket No. 10 at 4.  The offer also stated that Mr. Meggs may apply to the Court for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, but defendant reserved the right to contest the reasonableness of the amount.  *Id*. at 5.  On January 19, 2023, Mr. Meggs accepted Joalto's offer of judgment and Joalto filed a notice of acceptance with the Court on February 3, 2023.  *Id*. at 1.

On March 2, 2023, the Court ordered the Clerk of the Court to enter judgment in favor of Mr. Meggs and against Joalto.  Docket No. 11 at 2.  The Court ordered that any motion for attorneys' fees should be filed within fourteen days of the clerk's entry of judgment.  *Id*.  Final judgment entered on March 2, 2023.  Docket No. 12.  On March 16, 2023, Mr. Meggs filed the present motion seeking attorneys' fees, costs, and expenses. Docket No. 13.

## II.     ANALYSIS

Mr. Meggs requests $5,065 in attorneys' fees,[1] $635 in costs, and $2,400 in expert fees.  *Id.* at 15.  Joalto argues that the Court should deny the fee application or substantially reduce the amount the Court awards.  Docket No. 15 at 2.

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co*., 560 U.S. 242, 252-53 (2010).  Title 42 U.S.C. § 12205 provides that, in ADA cases, "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205; *see also Kelley v. Smith's Food & Drug Centers, Inc*., 793 F. App'x 787, 791 (10th Cir. 2019) (unpublished).  Mr. Meggs is the prevailing party in this case, *see* Docket No. 12 at 2, and therefore is entitled to reasonable attorneys' fees, costs, and expenses.  Accordingly, the remaining issue is the reasonableness of the requested fees, costs, and expenses.

### A.  <u>Attorneys' Fees</u>

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (discussing a reasonable attorney's fee under 42 U.S.C. § 1988(b)).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A party

---

[1] Elsewhere in the motion, Mr. Meggs states that his request for attorneys' fees is $5,380.  Docket No. 13 at 12.  Mr. Meggs does not explain this discrepancy.

seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### 1. *Hourly Rate*

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt.*, *Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community."  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state attorney possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'"  *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 721 n.4 (1987)).  In order to satisfy his burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Mr. Meggs requests the following hourly rates for his attorneys and paralegal: attorney Anthony Perez ($450 per hour), attorney Beverly Virues ($350 per hour), and paralegal Deanette Peraza ($150 per hour).  Docket No. 13 at 12.  In support of the hourly rate, Mr. Meggs provides an affidavit from Mr. Perez.  *See* Docket No. 13-1.  Mr.

Perez is a partner at his law firm, Docket No. 13 at 7, and has been practicing law as a trial attorney for twenty-two years.  Docket No. 13-1 at 1, ¶ 2.  Ms. Virues is an attorney who was admitted to practice law in 2016.  Docket No. 13 at 7.  Ms. Peraza is a litigation paralegal with sixteen years of experience.  Docket No. 13-1 at 2, ¶ 6.  Mr. Meggs argues that the hourly rates for Mr. Perez, Ms. Virues, and Ms. Peraza are within the rates charged by other attorneys and paralegals with similar legal experience. Docket No. 13 at 6-9, 12; *see also* Docket No. 13-2 (2020 report analyzing attorney pay data by practice area and location).  Joalto does not challenge the billing rates of Mr. Perez, Ms. Virues, and Ms. Peraza.

The Court finds that the hourly rates for Mr. Perez, Ms. Virues, and Ms. Peraza are reasonable given the prevailing market rates for attorneys and paralegals with similar experience in Denver, Colorado.  In 2020, the median billing rate for a litigation partner in Denver was $450.  Docket No. 13-2 at 27.  In 2020, the median billing rate for an associate with more than seven years of experience in Denver was $325.  *Id*. at 37. Other courts in this District have approved the same rates for Mr. Perez, Ms. Virues, and Ms. Peraza.  *See Meggs v. Friends Hosp. LLC*, No. 22-cv-02358-NYW, 2023 WL 3044766, at *2 (D. Colo. Apr. 21, 2023).  Accordingly, the Court will apply an hourly rate of $450 to Mr. Perez's time, an hourly rate of $350 to Ms. Virues' time, and an hourly rate of $150 to Ms. Peraza's time.

### 2.  Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors.  First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client.  *See Ramos*, 713 F.2d at 554.  Plaintiff must demonstrate that his

counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. Ultimately, the court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market. *Id*. at 555. Fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Id*. at 553. The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Mr. Meggs seeks to recover 11.1 hours for Mr. Perez, 0.8 hours for Ms. Virues, and 0.7 hours for Ms. Peraza.  Docket No. 13 at 12.  Mr. Meggs provided the time entries for Mr. Perez, Ms. Virues, and Ms. Peraza.  *See* Docket No. 13-3.

Joalto argues that the Court should deny or significantly reduce the attorneys' fee award for several reasons.  Docket No. 15 at 7.  First, Joalto argues that Mr. Meggs is not entitled to any fees "after the date that the Rule 68 Offer of Judgment was sent."  *Id.* at 2, 7.  Joalto asserts that other courts in this District have held that any fees incurred after the service of the offer of judgment were unreasonable.  *Id.* at 2.  Joalto claims that plaintiff's counsel "needlessly incurred $730.00 in fees *after* receiving" the offer of judgment.  *Id.* at 7.  Mr. Meggs responds that defendant cites no caselaw in support of its argument that attorneys' fees are not recoverable after service of an offer of judgment.  Docket No. 16 at 3.  Mr. Meggs argues that Rule 68 gives a party fourteen days to respond to an offer of judgment and that he timely accepted the offer of judgment.  *Id.*  Mr. Meggs states that the billing entries after January 5, 2023 were minimal and account for email exchanges between the parties regarding the offer of judgment and counsel's review of court filings and the final judgment.  *Id.* at 3-4.  Mr. Meggs argues that Mr. Perez exercised billing judgment because he did not include a request for time spent litigating the fee issue.  *Id.* at 4.

The Court rejects Joalto's first argument.  Courts in this District have declined to award attorneys' fees for time spent after a plaintiff rejected an offer of judgment in an ADA case because the plaintiff's rejection unnecessarily prolonged the litigation and forced defendants to move for judgment on the pleadings against themselves.  *See, e.g., Meggs v. Colorado Hosp. Grp., LLC*, No. 21-cv-02971-PAB-NRN, 2023 WL

2402921, at *4 (D. Colo. Mar. 8, 2023) (finding that "this case should have proceeded no further once Defendant admitted all the material allegations in the Complaint and requested entry of judgment against itself" and declining to award attorneys' fees incurred after counsel's review of the motion for judgment on the pleadings); *Cuesta v. DTC Lodging LLC*, No. 21-cv-03092-RM-SKC, 2022 WL 6730834, at *1 (D. Colo. Oct. 11, 2022) ("from the Court's perspective, this case should have proceeded no further once Defendant admitted all the material allegations in the Complaint and requested entry of judgment against itself.  From that point on, Plaintiff's unreasonable refusal to accept victory unnecessarily prolonged this litigation."); *Cuesta v. Peoria Lodging, LLC*, No. 21-cv-03104-CMA-KLM, Docket No. 39 at 2 ("from the Court's perspective, this case should have proceeded no further once Defendant offered judgment granting Plaintiff all the requested relief.").  Here, by contrast, Mr. Meggs timely accepted the Rule 68 offer of judgment.  *See* Docket No. 10.  The Court agrees with Mr. Meggs that the billing entries after January 5, 2023 were reasonable.  Ms. Virues spent 0.8 hours corresponding with opposing counsel via email on January 5, January 19, January 25, and February 3.  Docket No. 13-3 at 2.  Mr. Perez spent one hour reviewing the notice of acceptance of the offer of judgment, the Court's minute order, and the final judgment. *Id*.  Mr. Perez utilized "billing judgment" by omitting any hours spent preparing the fee motion.  *See Praseuth*, 406 F.3d at 1257.  Accordingly, the Court rejects defendant's first argument.

  Second, Joalto argues that the Court should deny attorneys' fees spent on duplicative work.  Docket No. 15 at 4.  Joalto states that Mr. Perez appears to have duplicative entries on September 16, 2022, including 1.2 hours spent on a call with the

ADA expert to review and discuss the report and 1.2 hours to review the expert's report. *Id*.; *see also* Docket No. 13-3 at 1.  Mr. Meggs responds that counsel must review the ADA expert's report to ensure that there is a factual basis for the lawsuit.  Docket No. 16 at 5.  However, Mr. Meggs did not respond to defendant's argument that there appears to be duplicative entries for this work.  Mr. Perez's time entries state that on September 16, 2022, Mr. Perez spent 1.2 hours on a "[c]all with ADA Expert, Gene Mattera, to review and discuss report of initial violations."  Docket No. 13-3 at 1.  On September 16, 2022, Mr. Perez also spent 1.2 hours to "[r]eceive, review and outline initial report of violations prepared by Expert, Gene Mattera."  *Id*.  The Court agrees with Joalto that these entries are duplicative.  Accordingly, the Court will deny fees for the second entry on September 16, 2022 and will reduce Mr. Perez's hours by 1.2 hours.  *See Ramos*, 713 F.2d at 553 (discussing how fees should be denied for redundant expenses).

Third, Joalto argues that the Court should deny attorneys' fees spent on administrative tasks.  Docket No. 15 at 4-5, 7.  Joalto argues that much of Mr. Perez's time was spent on administrative tasks that should have been completed by a paralegal instead of a $450/hour litigation partner.  *Id*. at 7.  For example, Mr. Perez billed $1,300 for time spent on the following tasks: "research regarding ownership of real property" on November 15, 2022; "queried dockets to determine whether there were any prior lawsuits" on November 15, 2022; and "receive and review Case Assignment to Judge" on November 23, 2022.  *Id*.; *see also* Docket No. 13-3 at 1.  Mr. Meggs responds that Mr. Perez's time spent researching the property ownership and querying the docket was necessary to ensure that the firm filed a lawsuit against the correct entity and to

9

determine whether the property was currently remediating any ADA barriers.  Docket No. 16 at 4.

The Court finds that it was reasonable for Mr. Perez to spend 0.4 hours on November 23, 2022 to review the case assignment and review the Court's "practices and procedures."  *See* Docket No. 13-3 at 1.  Attorneys, not just paralegals, must be familiar with the Court's Practice Standards.  Accordingly, the Court rejects Joalto's argument that Mr. Perez's billing entry on November 23, 2022 was unreasonable.  However, the Court finds that Mr. Meggs has not established that Mr. Perez exercised proper billing judgment for the entries on November 15, 2022.  *See Case*, 157 F.3d at 1250.  On November 15, 2022, Mr. Perez spent 1.6 hours researching "ownership of real property" and 0.6 hours querying dockets to "determine whether there were any prior lawsuits."  Docket No. 13-3 at 1.  Mr. Meggs does not respond to defendant's argument that property research and docket research are the types of tasks that a paralegal could accomplish or explain why the $450 per hour partner had to undertake these tasks.  The Court acknowledges that, if a paralegal had conducted this research, Mr. Perez would have spent some time reviewing the research.  Accordingly, for the November 15, 2022 entries, the Court will reallocate the 2.2 hours between Mr. Perez and the law firm's paralegal who could have conducted this basic research.  The Court will award 1.0 hour for Mr. Perez and 1.2 hours for the paralegal, Ms. Peraza.[2]

---

[2] Joalto also argues that Mr. Meggs has brought over 65 other ADA lawsuits in this Court using "cookie-cutter" complaints.  Docket No. 15 at 8.  Joalto appears to argue that the Court should reject plaintiff's attorneys' fees request to "send a message that drive-by, serial ADA litigation in Colorado federal courts is no longer a profitable business model."  *Id*. at 2.  Joalto provides no legal authority for this proposition.  The ADA provides for attorneys' fee awards to prevailing parties.  *See* 42 U.S.C. § 12205.  As a result, the Court rejects this argument.

Accordingly, the Court will award 8.7 hours for Mr. Perez (at a rate of $450 per hour), 0.8 hours for Ms. Virues (at a rate of $350 per hour), and 1.9 hours for Ms. Peraza (at a rate of $150 per hour).  The Court finds that the proper lodestar amount of attorneys' fees is $4,480.

### B.  Costs and Expenses

The ADA also permits a court, in its discretion, to award the prevailing party reasonable litigation expenses and costs.  42 U.S.C. § 12205.  Mr. Meggs requests $635 for filing and service of process fees.  Docket No. 13 at 15.  Mr. Meggs also requests $2,400 in expert fees that were incurred by his ADA expert Gene Mattera, who is based in Florida.  *Id*. at 14-15.  Mr. Mattera reviewed Mr. Meggs' allegations, conducted an inspection of the property, and produced a report regarding the ADA violations.  Docket No. 13-1 at 2, ¶ 11.

Joalto does not contest the filing or service fees, but argues that the expert fees are unreasonable.  Docket No. 15 at 2.  Joalto asserts that it was unnecessary for Mr. Meggs to retain a Florida-based expert for $2,400, when a local ADA inspection company, such as Colorado Inspection Services ("CIS"), can produce a comparable report for $750.  *Id*. at 2, 5.  Joalto argues that Mr. Mattera's description of his activities and the time spent on the activities is deficient.  *Id*. at 8.  For example, Mr. Mattera's invoice does not state the dates of his alleged services.  *Id*.  Mr. Mattera alleges that he spent one hour on the "phone and in-person conferences with plaintiff's Attorney" and "meeting with plaintiff," yet Joalto argues that the invoice does not provide the dates, times, or substance of these discussions.  *Id*.  Furthermore, Joalto contends that it was not reasonable for Mr. Mattera to spend 0.5 hours recording and printing photographs.

*Id*.  Joalto argues that Mr. Meggs provides no evidence suggesting that Mr. Mattera's time (eight hours) and hourly rate ($300 per hour) were reasonable.  *Id*.

In reply, Mr. Meggs asserts that Mr. Mattera did not charge plaintiff for his travel to Colorado.  Docket No. 16 at 2, 6.  Mr. Meggs argues that his

> counsel requires a report from a qualified expert before it can initiate any lawsuit, because Plaintiff's counsel needs to ascertain that the barriers that any given plaintiff encountered are actually barriers to access that violate the ADA. Plaintiffs are typically lay persons and cannot ordinarily testify as experts in Court and survive a *Daubert* challenge.  If plaintiffs cannot retain a qualified expert to provide such a report and opinion, plaintiffs and their counsel would have no basis to file enforcement actions and plaintiff's counsel would be unable to meet their Rule 11 obligations to investigate prior to filing a lawsuit.

*Id*. at 9.  Mr. Meggs argues that Mr. Mattera's report is "considerably more detailed" than the report produced by CIS for a different property.  *Id*. at 7.  Mr. Meggs argues that the CIS report is in a questionnaire format and the author of the report appears to be unqualified to testify in federal court on ADA issues.  *Id*.  In contrast, Mr. Meggs argues that Mr. Mattera is highly qualified to render expert reports regarding ADA violations.  *Id*. at 8.

The Court finds that plaintiff's expert fees are unreasonable.  Similar to other courts in this District, this Court finds that Mr. Mattera's one-page invoice is "wholly inadequate" to support his requested expert fee of $2,400.  *See Friends Hosp. LLC*, 2023 WL 3044766, at *3; *see also DTC Lodging*, 2022 WL 6730834, at *1.  Mr. Mattera's invoice contains no dates for his alleged services and contains minimal descriptions of his activities.  *See* Docket No. 13-4 at 15; *see also Friends Hosp. LLC*, 2023 WL 3044766, at *3.

Accordingly, the Court declines to award an expert fee.  The Court will award Mr. Meggs $635 for filing and service fees.  *See* Docket No. 13-3 at 2.

## III.    CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion for Reasonable Attorney's Fees and Costs

[Docket No. 13] is **GRANTED in part and DENIED in part**.  It is further

**ORDERED** that plaintiff is awarded $4,480 in attorneys' fees.  It is further

**ORDERED** that plaintiff is awarded $635 in costs.

DATED March 26, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge